# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT URAN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV981 CEJ |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the "Petition for Probation Time Credit" filed by Vincent Uran Williams. For the following reasons, the petition will be denied.

Petitioner, an inmate at the Tipton Correctional Center in Tipton, Missouri, asks this Court to intervene in his state criminal case, and direct the judge in that case to award him certain credits toward his sentence of imprisonment. Attached to the petition is an "Order Denying Credit For Probation Time And Request for Credit For Time Served," signed by Judge James Kelso Journey of the Henry County, Missouri Circuit Court on June 12, 2009. Petitioner has not sought review of this order by a Missouri appellate court. See State v. Vincent U. Williams, Case No. 08HE-CR00401-01 found at https://www.courts.mo.gov/casenet.

Petitioner does not cite to any statutory basis for this action. However, the Court believes it appropriate to analyze the petition as one seeking a writ of habeas corpus

under 28 U.S.C. § 2241 or § 2254 or seeking a writ of mandamus under 28 U.S.C. § 1651.

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004). Petitioner is currently confined at Tipton, Missouri, which is in Moniteau County, Missouri. Petitioner's custodian, therefore, is located within the Western District of Missouri. <u>See</u> 28 U.S.C. § 105(b)(4). Thus, this Court lacks jurisdiction to grant a writ brought pursuant to 28 U.S.C. § 2241, and this case is subject to dismissal under Fed. R. Civ. P. 12(h)(3).

To the extent that petitioner is seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, his claims are not properly before the Court, as petitioner has not exhausted his state remedies with respect to these claims.

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It is apparent on the face of the petition and the exhibits attached to it that petitioner has not exhausted available state remedies with respect to the issues he asserts. Petitioner's challenge to the denial of credit for time served on probation is cognizable on direct appellate review, and it could be asserted in motion under Mo.S.Ct.R. 29.15 or in an application for writ of habeas corpus brought pursuant to Mo.S.Ct.R. 91. See White v. Wyrick, 432 F.Supp. 1316 (D.C. Mo. 1977). It does not appear from the record that petitioner has availed himself of any of these potential remedies. Nor has petitioner alleged that circumstances exist that render these potential remedies ineffective to protect his rights. As a result, the current petition is subject to dismissal under 28 U.S.C. § 2254 for failure to exhaust administrative remedies.

If petitioner is seeking a writ of mandamus, the Court does not have jurisdiction to grant such relief. The federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. 28 U.S.C.A. § 1651(a); Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir. 1963). The actions of the state court are not currently within the jurisdiction of this Court. Middlebrooks, 323 F.2d at 486.

Accordingly,

**IT IS HEREBY ORDERED** that the "Petition for Probation Time Credit" [Doc. # 1] is **denied**.

Dated this 6th day of August, 2009.

                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE